IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANTHONY CURRY,**
a/k/a "Ace,"

      Petitioner,

v.                                    **CIVIL ACTION NO.: 3:15-CV-66**
                                      **CRIMINAL ACTION NO.: 3:02-CR-35-1**
                                      **(GROH)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") [ECF No. 957] of United States Magistrate Judge John S. Kaull.[1] Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Kaull for submission of an R&R. Magistrate Judge Kaull issued his R&R on June 26, 2015. In the R&R, he recommends that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 951] be denied and dismissed with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a

---

[1] References to CM/ECF docket numbers herein refer to Criminal Action No. 3:02-CR-35.

plaintiff's right to appeal a court's order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). When a party files objections, "but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)).

Objections to Magistrate Judge Kaull's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted at the Federal Correctional Institution, Cumberland, on June 29, 2015. Thereafter, the Petitioner timely filed his objections [ECF No. 964],[2] which the Court received on July 20, 2015. Accordingly, this matter is now ripe for review.

In the R&R, the magistrate judge recommends that this Court deny and dismiss as untimely the Petitioner's motion under 28 U.S.C. § 2255. Before dismissing a prisoner's motion as untimely, "a court must accord the parties fair notice and an opportunity to present their positions." Day v. McDonough, 547 U.S. 198, 210 (2006). Additionally, a court should consider the prejudice to the movant and whether the interests of justice would be better served by addressing the motion on the merits. Id. Notice to, and input from, a prisoner is particularly important when the prisoner is proceeding *pro se*. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002). In the instant case, the magistrate judge referenced these principles but ultimately concluded that the Petitioner's motion should be

---

[2] Pursuant to the "prison mailbox rule," the date an inmate delivers a document to prison officials for forwarding to the clerk of court is considered to be the date of filing. Houston v. Lack, 487 U.S. 266, 276 (1988).

dismissed without notice to the Petitioner, as it is "indisputably clear" that the motion is untimely and "cannot be salvaged" by equitable tolling principles. Id. This Court concurs with the magistrate judge's conclusion and notes, in addition, that the Petitioner demonstrated his understanding of the time limitation set forth in 28 U.S.C. § 2255(f) in the form motion he submitted in June 2015, wherein he asserted that his motion was timely under § 2255(f)(4) because he only recently became aware of the fraudulent nature of his plea agreement. In making his recommendation to this Court, the magistrate judge found that the Petitioner's § 2255 motion was untimely and that the Petitioner's reliance on caselaw concerning fraud and conflicts of interest was misplaced. The magistrate judge rejected the Petitioner's contention that an October 14, 2014 memorandum authored by former Attorney General Eric Holder might serve to excuse the untimeliness of the Petitioner's § 2255 motion.

In his objections to the R&R, the Petitioner provides two substantive averments. First, the Petitioner states that he "would like to move this Honorable Court that his plea agreement/contract is void, therefore, making it clear that the statute of limitation is not warrant in this case." Second, he asserts that "[t]he AUSA committed fraud and fraud voids all contracts." Apart from these two statements, the Petitioner's objections are devoid of any other factual enhancement. The Petitioner does not address the findings or recommendation of the magistrate judge, other than to say that the R&R "is clear in error."

This Court has carefully reviewed the R&R, the Petitioner's filings and the entire record in this case, and finds no clear error as to the portions of the R&R to which the Petitioner did not object. The Court has considered, *de novo*, the timeliness of the Petitioner's motion, as well as the Petitioner's contention that his plea agreement was the

product of fraud and that he has only recently become aware of the fraudulent nature of his agreement with the United States Attorney's Office. Pursuant to 28 U.S.C. § 2255(f), the one-year period of limitation that applies to motions under that section shall run from the latest of the following four events:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the Petitioner contends that the one-year period of limitation should not be calculated from June 12, 2006, the date his judgment of conviction became final under § 2255(f)(1). Instead, he argues that under § 2255(f)(4) the one-year period should be calculated from October 14, 2014, the date former Attorney General Eric Holder issued a memorandum concerning collateral attack waivers in plea agreements. Upon consideration, this Court reaches the same conclusion as Magistrate Judge Kaull: former Attorney General Holder's memorandum did not establish new law or create new rights in this circuit, and it did not constitute new facts previously undiscoverable to the Petitioner through the exercise of due diligence. This Court finds that the Petitioner's motion under 28 U.S.C. § 2255 is untimely and that the Petitioner's arguments are each without merit.

Accordingly, the Court finds that Magistrate Judge Kaull's Report and Recommendation [ECF No. 6 in 3:15-CV-66; ECF No. 957 in 3:02-CR-35-1] should be, and

is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. The Petitioner's Objections are **OVERRULED**. The Court **ORDERS** that the Petitioner's motion under 28 U.S.C. § 2255 [ECF No. 1 in 3:15-CV-66; ECF No. 951 in 3:02-CR-35-1] is **DENIED** and **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court.

The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Respondent.

The Petitioner has not met the requirements for issuance of a certificate of appealability. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484). Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties.

**DATED**: January 11, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE